UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC BROWN                                              CIVIL ACTION

v.                                                      NO. 16-12207

ZURICH AMERICAN INSURANCE                               SECTION "F"
COMPANY, ET AL.

ORDER AND REASONS

Before the Court is the plaintiff's motion for partial summary judgment. For the following reasons, the motion is GRANTED.

**Background**

The litigation arises from a car accident on an interstate in New Orleans.

Around 4:30 AM on May 31, 2015, Bradley Ostrander was driving a Ford F-150 truck in the center lane of I-10 West in New Orleans. As Ostrander descended from a bridge, he noticed that cars were turning around on the oncoming ramp in order to exit I-10 and avoid traffic. Distracted from the unusual traffic pattern, Ostrander changed from the center lane to the left lane. As soon as he switched lanes, Ostrander collided with the vehicle in front of him, which belonged to Eric Brown. Almost immediately after, another vehicle struck Ostrander's truck from behind. A New Orleans Police Department officer investigated the accident, and issued a citation to Ostrander for careless operation of a vehicle. He did not issue a citation to Brown.

1

On May 9, 2016, Brown sued Ostrander and his insurer, Zurich American Insurance Company, in the Civil District Court for Orleans Parish, seeking to recover for personal injuries and damage to his vehicle. Ostrander and Zurich removed the action to this Court on June 30, 2016. Brown moved for partial summary judgment on the issue of liability on June 22, 2018.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or

depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Id. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d

824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

II.

"Every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A). "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civ. Code art. 2316. Louisiana courts employ the duty-risk analysis to determine whether to impose liability based on these broad negligence principles. See Lemann v. Essen Lane Daiquiris, 923 So. 2d 627, 633 (La. 2006); see also Mart v. Hill, 505 So.2d 1120, 1122-23 (La. 1987)(applying the duty-risk analysis as the appropriate standard to assess liability in rear-end collisions). This duty-risk analysis requires a plaintiff seeking to recover for negligence to prove five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element);
> (2) the defendant's conduct failed to conform to the appropriate standard (the breach element);
> (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element);
> (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and
> (5) the actual damages (the damages element).

Lemann, 923 So.2d at 633 (citation omitted).

The duty owed by the rear-ending driver is statutorily set. Mart, 505 So.2d at 1122-23. Louisiana law provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. Rev. Stat. § 32:81(A). "Louisiana courts have uniformly held that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent." Mart, 505 So.2d at 1123. Accordingly, the following motorist "bears the burden of exonerating himself." Dauphin v. American Fir & Cas. Co., No. 13-4850, 2014 WL 2625168, at *2 (E.D. La. June 11, 2014)(quoting Domingo v. State Farm Mut. Auto Ins. Co., 10-264, p. 12 (La. App. 5 Cir. 11/9/10); 54 So.3d 74, 80). But he may escape liability "by establishing the unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not have reasonably anticipated." Brewer v. J.B. Hunt Transport, Inc., 2009-1408, p. 15 (La. 3/16/10); 35 So.3d 230, 241. In applying this standard, the Louisiana Supreme Court held that a leading motorist changed lanes before ensuring that the movement would not endanger oncoming traffic shared fault with the following motorist that rear-ended him. Id. at p.15, 20-21 ; 241, 244.

Brown alleges that he is entitled to summary judgment on the issue of liability because Ostrander, the rear-end driver, has not adequately rebutted the presumption of negligence. All parties agree that Ostrander was distracted immediately before the accident and that Ostrander is at fault; the parties only dispute whether the plaintiff was contributorily negligent. Brown contends that Ostrander failed to put forth any evidence rebutting the presumption that he was negligent. He points to Ostrander's testimony that he did not see Brown's car until right before the collision and that Ostrander stated that Brown did not do anything wrong. Brown has met his burden to demonstrate the absence of a genuine issue of material fact. Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994). To survive summary judgment, the defendants "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Id. At issue is whether the defendants submit competent evidence that Brown may have also acted negligently.

Ostrander testified in a deposition that he observed vehicles on the onramp turning around to exit the ramp, presumably to avoid traffic on I-10. This unusual traffic pattern made him uncomfortable, so he decided to change lanes. Ostrander testified that he turned on his turning signal, checked his mirror, looked back at his blind spot for one full second, and made the lane change. When Ostrander looked forward, Brown was in his lane and

moving slower than him. Ostrander applied his brakes, and collided with Brown. He estimated that he was travelling at 50 miles per hour, and that Brown was travelling at 25 miles per hour. He testified that Brown was braking because Brown could see that there was traffic ahead from other vehicles' brake lights, but that he could not yet see them.

Ostrander testified that he did not see Brown's vehicle "at any time" before he looked back from checking his blind spot while making his lane change. He stated that he did not know how long Brown occupied the lane if front of him. Nonetheless, he testified that he "believe[d]" that he and Brown changed lanes at the same time. However, he stated that he did not see it, but could "picture it happening." When asked whether Brown did anything wrong to cause the accident, Ostrander replied "No, not really. I think it was an accident." However, in response to a follow-up question asking whether Brown did anything reckless that caused Ostrander to hit him, Ostrander replied, "Other than paying attention to what was in front of him and drifting, that's the only thing I would say he – that was the only place he messed up was based on that." But later he stated the accident was "really no one's fault because I saw [the unusual traffic on the oncoming ramp] going on, I slowed down, and I pulled over and he was there. Now, did he drift, who knows."

The defendants' burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertion, or by only a scintilla of evidence." Little, 37 F.3d at 1075 (citations omitted). Accordingly, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" Id. (quoting Armstrong v. City of Dallas, 997 F.2d 62, 67 (5th Cir. 1993)). Although Ostrander stated that Brown may have drifted lanes, and speculates that Brown changed lanes at the same time, he repeatedly testified that he did not see Brown until he had already changed lanes and was directly behind him. He stated that he did not know how long Brown had occupied the lane before Ostrander turned into it. The defendants' extremely brief opposition cites testimony where Ostrander admits that Brown did not do anything wrong, but later states that he is not taking full responsibility for the accident. Ostrander's contradictory testimony that, at best, indicates that he does not know if Brown changed lanes, let alone if he did so negligently, is not sufficient to create an issue of fact as to whether Brown contributed to the accident. Ostrander failed to submit any competent evidence to rebut the presumption, and his own words, that he acted negligently.

Accordingly, IT IS ORDERED: that the plaintiff's motion for partial summary judgment is GRANTED.

New Orleans, Louisiana, July 11, 2018

```
_____
      MARTIN L. C. FELDMAN
    UNITED STATES DISTRICT JUDGE
```